# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DAVID RENDER,
    Plaintiff,

vs

COREY HALL, et al.,
    Defendants

Case No. 1:12-cv-46

Spiegel, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate in state custody at the Southern Ohio Correctional Facility in Lucasville, Ohio, has filed a *pro se* "civil complaint." (*See* Doc. 1, Complaint). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to

the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action against Corey Hall, a police officer employed by the Forest Park, Ohio, Police Department, as well as attorneys Lawrence E. Barbiere and Jay D. Patton from the law firm Schroeder, Maundrell, Barbiere & Powers. Plaintiff alleges that on June 24, 2005, defendant Hall stopped him "without probable cause" and then proceeded to shoot him, first with a Taser and then in the back with a "service firearm," when plaintiff refused to answer Hall's questions and "attempted to continue on to his house." (Doc. 1, Complaint, pp. 1-2). On June 14, 2007, plaintiff filed a civil action against the Forest Park Police Department and defendant Hall in the Hamilton County, Ohio, Court of Common Pleas (Case No. A0705308), challenging Hall's "use of deadly force" during the June 24, 2005 incident. (Doc. 1, Complaint, p. 2). Hall was represented by defendants Barbiere and Patton in that action. (Doc. 1, Complaint, p. 1). Both the Forest Park Police Department and Hall filed motions for summary judgment, which were granted at a hearing held on April 2, 2008. Plaintiff claims that in an affidavit submitted in support of Hall's summary judgment motion, Hall "maliciously and knowingly made false statements." Plaintiff further avers that the affidavit was filed on Hall's behalf by defendant Barbiere, "who knew or should have kn[own] that statements in [the] affidavit . . . [were] false, misleading and contradicted their own evidence." (Doc. 1, Complaint, p. 2).

In the challenged affidavit quoted by plaintiff in the complaint, Hall provided the

3

following account of his encounter with plaintiff on June 24, 2005: while traveling in his police cruiser in response to a call to investigate a drug operation taking place at an apartment, Hall noticed two men walking towards him; Hall was informed that the two men had been smoking crack and was asked to detain and question them; when Hall stopped the two men, one of the men cooperated, but the other man later identified as plaintiff, who was "holding an open container of beer" and smelled of alcohol and "burnt marijuana," started to flee; Hall gave "loud verbal commands to stop," but plaintiff refused to comply; Hall first deployed his Taser to get plaintiff to stop, but when plaintiff responded by pointing a "357 magnum gun" at Hall, Hall dropped the Taser and "began withdrawing his firearm while retreating for cover behind the cruiser;" Hall "gave several loud verbal commands for [plaintiff] to drop the gun and get on the ground," but plaintiff continued to refuse to comply; plaintiff proceeded to run "into a fence, at which time he began to spin around," stating that he was not going to allow Hall to take him to jail; Hall, who was "in extreme fear for [his] life" at that point, discharged his firearm striking plaintiff in the "lower hip area." (*See* Doc. 1, Complaint, p. 3). Hall averred that immediately thereafter, plaintiff was arrested and received medical treatment. (Doc. 1, Complaint, p. 3). Ultimately, plaintiff was convicted and sentenced on criminal charges stemming from the incident for "having weapons under disability, carrying a concealed weapon and resisting arrest." (Doc. 1, Complaint, p. 4).[1]

---

[1] Plaintiff has filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence, which is now pending before a judge of this Court. *See David Render v. Warden, Lebanon Corr. Inst.*, No. 1:10-cv-629 (Spiegel, J.; Bowman, M.J.). It appears from the record filed in that case that plaintiff entered a no-contest plea and was sentenced to an aggregate prison term of eight years. *Id.* (Doc. 14, Exs. 7-8). United States Magistrate Judge Stephanie K. Bowman issued a Report and Recommendation on June 28, 2011 to stay ruling on a double-jeopardy sentencing claim pending certification of an unresolved state-law question to the Ohio Supreme Court and to deny the remaining grounds for relief with prejudice. *Id.* (Doc. 25). The matter is currently pending before the District Court on objections filed by both parties to the Report and Recommendation. *Id.* (Docs. 32-33).

Plaintiff alleges that Hall's affidavit contains numerous false statements, which plaintiff claims he "discovered" when he received "evidentiary materials" obtained by his counsel from defendant Barbiere on or about July 25, 2008. Specifically, plaintiff contends that (1) Hall was neither informed of any "drug activity . . . taking place" that he should investigate nor asked to detain and question the two men leaving the apartment building; (2) plaintiff "was not holding an open container of beer in his hand and did not have the odor of a burnt marijuana on his person" when approached by Hall; (3) Hall did not see plaintiff "point a 357 magnum gun at him;" (4) Hall never advised plaintiff to drop a gun; and (5) plaintiff, who "was not armed at the time he was shot in the back," never "spun towards Defendant Hall." (Doc. 1, Complaint, pp. 4-5).

As relief, plaintiff seeks damages, as well as "Declaratory Judgment that the state court rulings were wrongful or void where the named Defendants committed Fraud during the state court [action] and continued frivolously and maliciously to litigate after discovery of those facts during Plaintiff['s] . . . Federal Action: David Render v. Forest Park Police Department et al, 1:07-CV-00489." (Doc. 1, Complaint, pp. 1, 6).

This Court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)). Because plaintiff has filed other actions stemming from the June 24, 2005 incident that resulted in his criminal conviction and sentence, the undersigned has reviewed the records filed with this Court in plaintiff's related federal habeas corpus action (Case No. 1:10-cv-629), *see supra* p. 4 n.1, and prior federal civil rights action (Case No. 1:07-cv-489).

In Case No. 1:07-cv-489 (Dlott, J.; Hogan, M.J.), plaintiff filed a complaint against the

Forest Park Police and Fire Departments and several of their employees, including defendant Hall. In that action, plaintiff contended that the defendants violated his civil rights when they were deliberately indifferent to his serious medical needs after he was shot by Hall. *Id.* (Doc. 4; *see also* Doc. 52, p. 2; Doc. 90, p. 1). The magistrate judge issued a Report and Recommendation on March 2, 2009 to grant the defendants' motion for summary judgment. *Id.* (Doc. 52). The court concluded that plaintiff's claims were barred from review under the doctrine of *res judicata* given that the state-court civil action filed in the Hamilton County Common Pleas Court had resulted in summary judgment in favor of defendants on all of plaintiff's claims stemming from the June 24, 2005 incident involving Officer Hall. *Id.* (Doc. 52, pp. 3-5). Thereafter, plaintiff filed a motion for reconsideration, which was denied by the magistrate judge. *Id.* (Docs. 57, 61). On June 23, 2009, the district court entered an Order and Judgment adopting the Report and Recommendation to grant summary judgment in defendants' favor, and on December 9, 2011, the United States Court of Appeals for the Sixth Circuit affirmed the district court's dismissal of the complaint on the basis of *res judicata*. *Id.* (Docs. 73-74, 90).

In the federal habeas corpus action filed by petitioner in Case No. 1:10-cv-629 (Spiegel, J.; Bowman, M.J.), *see supra* p. 4 n.1, it appears from the record that Officer Hall provided a statement regarding the incident that occurred on June 24, 2005, at a suppression hearing held on April 10, 2006 in plaintiff's state criminal trial. Hall's testimony in the criminal trial proceeding accords with the summary that he provided later in his challenged affidavit filed in the state-court civil action. *See David Render v. Warden, Lebanon Corr. Inst.*, Case No. 1:10-cv-629 (Doc. 14, April 10, 2006 Hearing Tr.; *see also* Doc. 14, Ex. 12, pp. 2-3).

In the instant case, plaintiff's allegations are insufficient to state a claim upon which relief may be granted by this Court. As an initial matter, to the extent plaintiff alleges a violation of his civil rights under 42 U.S.C. § 1983, his complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *see also Ewing v. O'Brien*, 115 F. App'x 780, 783 (6th Cir. 2004) ("Section 1983 claims brought in federal court in Ohio are subject to the two-year statute of limitations period set forth in Ohio Rev. Code § 2305.11."); *Huffer v. Bogen*, No. 1:10cv312, 2011 WL 5037209, at *12 (S.D. Ohio Oct. 24, 2011) (Weber, J.) (and authorities cited therein) ("With respect to alleged violation[s] of 42 U.S.C. § 1983, such claims are governed by Ohio's personal injury statute of limitations, which is two years."). Here, the two-year statute of limitations has run with respect to plaintiff's claims, which accrued when Hall's affidavit in support of summary judgment was filed in the state-court action some time before the court issued its ruling on April 2, 2008 granting summary judgment for the defendants. Plaintiff, who actively participated in the June 24, 2005 incident, was well aware by that time of Hall's version of events and, therefore, of any falsehoods in Hall's testimony, which was relayed both during the state criminal proceedings and in the later-filed state-court civil action. Furthermore, even assuming, as plaintiff has alleged, that he did not discover the purportedly false statements contained in Hall's affidavit until July 25, 2008, plaintiff's cause of action under § 1983 is still time-barred.

In any event, the Court is without federal jurisdiction over this matter because plaintiff's complaint fails to allege a violation of federal law against the named defendants. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question

jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing his claims arise under federal law. A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The Court cannot discern any possible federal claim from the allegations in plaintiff's complaint.

To the extent that plaintiff suggests that defendants' actions in the state-court action trigger due process concerns, the Court does not have jurisdiction to consider plaintiff's claims. The federal courts lack authority under the *Rooker-Feldman* doctrine to sit as a state appellate court to review state-court determinations. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine "stands for the proposition that a federal district may not hear an appeal of a case already litigated in the state court." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). The Supreme Court more recently reaffirmed that the *Rooker-Feldman* doctrine applies where, as here, a case is brought by a loser in a state court action, complaining of injuries caused by the state court's judgment rendered before the district court proceedings commenced and inviting the district court to review and reject that judgment. *See Exxon Mobile Corp. v. Saudia Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The crucial question is whether the "source of injury" upon which the plaintiff bases his federal claim is a state-court judgment. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008); *see also Hines v. Franklin Savings & Loan*, No. 1:09cv914, 2011 WL 882976, at *2 (S.D. Ohio Jan. 31, 2011) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2011 WL 886128 (S.D. Ohio Mar. 10, 2011) (Weber, J.). "'If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction.'" *Lawrence*, 531 F.3d at 368 (quoting

8

*McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)).

The Sixth Circuit and lower courts within the Sixth Circuit have "limited application of the doctrine to instances in which the litigant *only* seeks to reverse or set aside the state court judgment." *Hines, supra,* 2011 WL 883976, at *3 (emphasis in original). Therefore, the *Rooker-Feldman* doctrine does not apply to bar review if a litigant presents a claim that is independent of the state-court judgment. *Id.* (and cases cited therein); *see also Hillman v. Edwards,* No. 2:11cv501, 2011 WL 4711979, at *1-2 (S.D. Ohio Oct. 6, 2011) (Smith, J.) (citing *McCormick,* 451 F.3d at 393).

Here, plaintiff is essentially seeking relief from the state court's ruling granting summary judgment in defendant Hall's favor in the state-court civil action that plaintiff filed against Hall and the Forest Park Police Department. Plaintiff states no independent claims of constitutional error. The concrete actions that give rise to plaintiff's claims for relief arise solely from actions taken by defendant Hall and Hall's counsel in the state-court proceeding and from the state court's substantive rulings in that proceeding. Construing the complaint liberally, it can only be interpreted as a request for review of the court's judgment in the state-court case. Although plaintiff has alleged that defendants engaged in misconduct during the state proceeding, the source of plaintiff's injury derives solely from the state court's decision to grant summary judgment for the defendants in that case based on Hall's allegedly false affidavit. *Cf. Hillman,* 2011 WL 4711979, at *2 (rejecting the argument that the plaintiff stated an "independent claim" to the extent the "underlying state action was based on allegations that the named Defendant engaged in misconduct"). Indeed, in an analogous case where the plaintiff similarly alleged that the defendant and defendant's attorney committed fraud by lying in a state-court proceeding to

9

obtain summary judgment in the defendant's favor, the Seventh Circuit held that the federal district court lacked jurisdiction to consider the plaintiff's "due process" claim because it was "a thinly disguised effort to overturn the [state-court] judgment," was "inextricably linked" with the state court's judgment, and was thus barred from review under the *Rooker-Feldman* doctrine. *See Dick v. Towles,* 67 F. App'x 965, 967 (7th Cir. 2003).

Alternatively, as both the district court and Sixth Circuit held in the prior related federal civil rights action arising from same incident (Case No. 1:07-cv-489), plaintiff's claims are barred from review under the doctrine of *res judicata*. "The doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in [that] prior action." *Harris v. Ashley,* No. 97-5961, 1998 WL 681219, at *2 (6th Cir. Sept. 14, 1998) (per curiam) (quoting *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995), in turn quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)). The doctrine applies not only to issues which were actually raised and litigated in the prior action, but also to any issues "which the parties, exercising reasonable diligence, might have brought forward at the time." *Id.* at *3 (internal citation and quotation omitted); *see also Parker v. Gibbons,* 62 F. App'x 95, 96 (6th Cir. 2003) (citing *J.Z.G. Res., Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 213 (6th Cir. 1996)) ("Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented.").

Consideration of a subsequent complaint is precluded under the *res judicata* doctrine if: (1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; (2) the subsequent action involves the same parties, or their privies, as the first action; (3) the second

action raises issues or claims which were either actually litigated or should have been raised and litigated in the prior action; and (4) there is an "identity" between the causes of action to the extent the "claims arose out of the same transaction or series of transactions, or . . . the same core of operative facts." *Browning v. Levy*, 283 F.3d 761, 771-72, 773-74 (6th Cir. 2002) (internal citation and quotation omitted); *see also Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006).

The undersigned finds that all four elements necessary for the application of the *res judicata* doctrine are present in this case. First, the granting of summary judgment for the defendants in the state-court civil case brought by plaintiff against defendant Hall and the Forest Park Police Department constituted a final decision on the merits for *res judicata* purposes. As the Sixth Circuit found in affirming the district court's judgment in Case No. 1:07-cv-489, "[t]he state court decision was on the merits: The state court of appeals affirmed the dismissal of claims against Hall on the basis that Hall's use of force was reasonable." *See David Render v. Forest Park Police Department, et al.*, Case No. 1:07-cv-489 (Doc. 90, p. 4).

Second, both the instant case and the prior state-court action involve the same parties or their privities. Although plaintiff has added Hall's attorneys in the state-court action as named defendants in this action, the attorneys were acting as Hall's representative in the prior lawsuit and therefore were in privity with their client for *res judicata* purposes. *See, e.g., Vacanti v. Apothaker & Associates, P.C.*, Civ. Act. No. 09-5827, 2010 WL 4702382, at *4 (E.D. Pa. Nov. 12, 2010) (and cases cited therein); *Pincus v. Law Offices of Erskine & Fleisher*, No. 08-81357-CIV, 2010 WL 286790, at *2 n.1 (S.D. Fla. Jan. 19, 2010) (and cases cited therein); *cf. Weinberger v. Tucker*, 510 F.3d 486, 492-93 (4th Cir. 2007).

Finally, plaintiff's allegations were or could have been raised in the prior action, and the claims raised in both cases arise out of and are predicated on the same events and same operative facts. Plaintiff has claimed that he did not discover that Hall lied in his affidavit about the events that occurred on June 24, 2005 until July 2008, months after the state-court action ended. However, plaintiff was present and participated in the June 24, 2005 incident. Moreover, Hall's version of events had previously been relayed to plaintiff during the state criminal proceedings. Therefore, when plaintiff filed the state civil action against Hall, he already knew the substance of the testimony that Hall would give to defend against plaintiff's claim of excessive use of force. Plaintiff had the opportunity at that time, as well as at the suppression hearing held in the state criminal proceeding, to argue that Hall was not telling the truth about the events that led to his shooting of plaintiff. Accordingly, to the extent plaintiff raises new claims in the instant action challenging the veracity of the affidavit filed on Hall's behalf by his counsel in the state-court civil action, the complaint is still barred by *res judicata* because plaintiff could have raised the additional claims, which stemmed from the same events and operative facts, in the prior state court action.

Accordingly, in sum, the Court concludes that the plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction and because any claims brought under 42 U.S.C. § 1983 are time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith,

and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 2/3/12
cbc

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID RENDER,
    Plaintiff,

vs

COREY HALL, et al.,
    Defendants.

Case No. 1:12-cv-46

Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).